IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

IN RE:                                          CASE NO. 13-10202 (ESL)

MARIA E. IRIZARRY ROSA                          CHAPTER 13

        Debtor

OPINION AND ORDER

The Chapter 13 Trustee's *Objection to Debtor's Claimed Exemptions* (the "*Objection*", Docket No. 36) is denied in part and granted in part.

In *Schedule C*, the Debtor claimed as exempt on her china ($40.00), cooking utensils ($80.00), cutlery ($30.00), flatware ($40.00), glassware ($30.00) and pots, pans and crocks ($30.00) for a total amount of $250. See Docket No. 1, p. 15.

On March 14, 2014, the Chapter 13 Trustee filed the *Objection* stating that the exemptions claimed by the Debtor on the china, cooking utensils, cutlery, flatware, glassware and pots, pans and crocks do not apply under Article 249(2) of the Code of Civil Procedure of Puerto Rico, 32 L.P.R.A. § 1130(2). See Docket No. 36, p. 3, ¶ 7. On March 24, 2014, the Debtor filed a *Response to the ... Objection...* (Docket No. 37) arguing that the claimed exemptions fall under the "necessary household" provision in 32 L.P.R.A. § 1130(2)[1].

In In re Rivera, 499 B.R. 175, 183 (Bankr. D.P.R. 2013), this court ruled that "[p]ursuant to the liberal trend upon which Puerto Rico exemptions must be construed, the court finds that the Debtors' claimed exemptions on the stove, kitchen utensils, dinnerware and cookware are

---

[1] 32 L.P.R.A. § 1130(2) exempts the following:

> Necessary household, table and kitchen furniture belonging to the judgment debtor, including one sewing machine in actual use in the family, or belonging to a woman, and stove, furniture, beds, bedding and bedsteads, not exceeding in value two hundred (200) dollars, wearing apparel, hanging pictures, oil paintings and drawings, drawn or painted by any member of the family, and family portraits and their necessary frames, provisions actually provided for individual or family use sufficient for one month; one cow with her suckling calf, and one hog with her suckling pigs.

-1-

comprised in the term "home-use kitchens" [provided] in 32 L.P.R.A. § 1130(14)[2] up to the amount of $200".

In the instant case, the court finds that the exemptions claimed by the Debtor for the china, cooking utensils, cutlery, flatware, glassware and pots, pans and crocks fall under the "home-use kitchens" exemption afforded in 32 L.P.R.A. § 1130(14), not under the "necessary household" exemption afforded in 32 L.P.R.A. § 1130(2). Therefore, the court allows the claimed exemptions under 32 L.P.R.A. § 1130(14) up to the amount of $200.

SO ORDERED.

In San Juan, Puerto Rico, this 8th day of April, 2014.



Enrique S. Lamoutte
United States Bankruptcy Judge

---

[2] 32 L.P.R.A. § 1130(14) exempts the following:

Common iceboxes expressly designed and commercially known for home use; home-use kitchens; wash machines for home use whose cash price does not exceed two hundred (200) dollars; radio receiving sets whose cash price does not exceed one hundred (100) dollars; television sets for home use whose cash price does not exceed two hundred and fifty (250) dollars per unit, and electric irons for home use, are likewise exempted from attachment and execution.